In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 19-1042

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARVIN CATES,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:18-cr-00072-RLM-MGG-1 — **Robert L. Miller, Jr.**, *Judge*.

_____

ARGUED DECEMBER 3, 2019 — DECIDED FEBRUARY 18, 2020

_____

Before WOOD, *Chief Judge*, and HAMILTON and SCUDDER, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Marvin Cates pleaded guilty to possessing a firearm as a person with a prior felony conviction in violation of 18 U.S.C. § 922(g)(1). After the court accepted his guilty plea, Cates sought to withdraw it. The district judge denied the motion to withdraw the plea and sentenced Cates.

Cates has appealed, claiming ineffective assistance of counsel. He says that he made a timely request to withdraw his guilty plea and that his trial counsel was deficient in failing to move to withdraw it. We questioned whether Cates truly wishes us to decide his ineffective-assistance claim on this record, including a directive to his appellate counsel to review the question with him after oral argument. He has insisted that he wants to have his claim decided on the existing record. Because the record contains insufficient evidence to support Cates's ineffective-assistance claim, we affirm.

I.   *Factual Background and Procedural History*

Marvin Cates was transporting drugs from Chicago to South Bend when he was pulled over by a sheriff's deputy for driving without rear license-plate lights. When the deputy approached Cates's vehicle, he saw a revolver on the passenger seat. Cates admitted that he did not have a license for the firearm and was placed under arrest. Retail quantities of cocaine and heroin were later found in his possession. Cates was charged in federal court with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He moved to suppress the items seized during the search of his car, but the motion was denied.

On September 12, 2018, Cates and the government submitted a plea agreement to the court. Cates agreed to plead guilty to the sole count of the indictment. The government agreed in exchange not to bring additional charges against him. As part of the plea agreement, Cates waived his right to appeal or otherwise contest his conviction "on any ground other than a claim of ineffective assistance of counsel."

The plea agreement was referred to a magistrate judge, who held a Rule 11 hearing on September 17. The magistrate judge found that Cates was competent to enter a plea, did so knowingly and voluntarily, and understood the rights he was waiving, including the right to appeal. The magistrate judge recommended that the district judge accept the guilty plea. On October 3, the district judge accepted the guilty plea, finding Cates guilty of the sole count in the indictment. The case was on track for sentencing.

On October 16, however, Cates's first attorney moved to withdraw, reporting a complete breakdown of the attorney-client relationship. A new lawyer was appointed and then filed a motion to withdraw the guilty plea. The motion said that Cates had entered the guilty plea under duress because he was threatened with new charges and was given only one hour to accept the plea deal or face the risk of additional prison time.

On December 13, 2018, the district court held a hearing on the motion to withdraw the guilty plea. Cates's testimony at the hearing focused on his claim that he entered the plea under duress. He also testified, however, that before he received the letter from the district judge accepting the guilty plea, he had told counsel that he "changed [his] mind" and did not want to waive his rights, but that his lawyer told him that it was too late to withdraw the plea. Cates estimated that the judge's letter arrived on October 4 or 5. Though Cates could not pinpoint an exact date, he insisted that he told his lawyer he wanted to withdraw his plea before the judge's letter arrived. The district court denied Cates's motion to withdraw the plea, concluding that he had not been under duress or unduly pressured given the five days between the submission of

the guilty plea and the Rule 11 hearing. Cates was sentenced to 262 months in prison. He qualified for the enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on five prior convictions for serious drug offenses or violent felonies.

II.  *Analysis*

The sole issue on appeal is whether Cates received the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. He argues that his trial lawyer was constitutionally ineffective in failing to move to withdraw his guilty plea when he could still withdraw his plea as of right. This issue falls within the ineffective-assistance exception to the appeal waiver in the plea agreement.

We review for plain error because Cates never adequately raised the ineffective-assistance claim before the district court. See Fed. R. Crim. P. 52(b). The motion to withdraw his plea gave duress as the reason for withdrawing the plea. It did not mention a timely attempt to withdraw the guilty plea before the court accepted it, though Cates did mention this during his testimony at the hearing. Cates acknowledges correctly in his brief that the ineffective-assistance argument was not raised as a ground for withdrawing the guilty plea, claiming that "second defense counsel failed [at the hearing] to raise the proper grounds for withdrawing the plea."[1]

*Strickland v. Washington*, 466 U.S. 668 (1984), provides the framework for evaluating ineffective assistance of counsel

---

[1] Cates also argues that his *second trial counsel* provided ineffective assistance by failing to raise the ineffective assistance of Cates's *first trial counsel* as a ground for withdrawing the guilty plea. We need not analyze it separately.

claims. Cates "must show both that his attorney's performance was outside the range of professionally competent assistance and that the deficient performance denied him a fair trial." *United States v. Stark*, 507 F.3d 512, 521 (7th Cir. 2007), quoting *United States v. Banks*, 405 F.3d 559, 569 (7th Cir. 2005). In addition, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690; see also *Banks*, 405 F.3d at 568 ("There is a strong presumption for finding counsel effective, and [defendant] bears the burden of proving otherwise.").

Cates argues that his first lawyer's representation was unconstitutionally deficient because he did not move to withdraw the guilty plea when Cates asked him to do so. Under Federal Rule of Criminal Procedure 11(d)(1), "A defendant may withdraw a plea of guilty or nolo contendere before the court accepts the plea, for any reason or no reason … ." See also *United States v. Shaker*, 279 F.3d 494, 497–98 (7th Cir. 2002) (reversing denial of motion to withdraw guilty plea before court had accepted plea). Because the decision to plead guilty lies entirely with the defendant, Cates argues, counsel must move to withdraw the plea when asked, and a failure to do so constitutes deficient representation. Cates says that he was prejudiced because, if counsel had moved to withdraw the plea promptly, Cates would have had the opportunity to go trial. See *United States v. Arami*, 536 F.3d 479, 484 (5th Cir. 2008) (applying plain-error review to reverse denial of motion to withdraw guilty plea before district court had accepted it).

Raising an ineffective-assistance claim on direct appeal is almost always imprudent. Proceedings in the district court aim to determine guilt or innocence. They are unlikely to

show conclusively whether a lawyer's representation was inadequate and had an effect on the outcome of litigation. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). Unless the issue was raised and a full record developed in the trial court, an appellate court cannot determine on direct appeal whether counsel's assistance was ineffective. Essential evidence of counsel's actions and reasoning will simply be lacking. *Id.* By raising an ineffective-assistance claim prematurely, on direct appeal, a defendant can easily throw away any chance he has at success because the claim may not be presented a second time on collateral attack under 28 U.S.C. § 2255. *Peoples v. United States*, 403 F.3d 844, 846 (7th Cir. 2005), citing *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991). For these reasons, we have repeatedly warned defendants against bringing ineffective-assistance claims on direct appeal. E.g., *Ramirez v. United States*, 799 F.3d 845, 853 (7th Cir. 2015); *United States v. Stuart*, 773 F.3d 849, 850 (7th Cir. 2014); *United States v. Moody*, 770 F.3d 577, 582 (7th Cir. 2014); *United States v. Bryant*, 754 F.3d 443, 444 (7th Cir. 2014); *United States v. Flores*, 739 F.3d 337, 342 (7th Cir. 2014); *United States v. Isom*, 635 F.3d 904, 909 (7th Cir. 2011); *Peoples*, 403 F.3d at 846; *United States v. Harris*, 394 F.3d 543, 558 (7th Cir. 2005).

Instead, defendants can and should raise these claims in collateral attacks under 28 U.S.C. § 2255. E.g., *Massaro*, 538 U.S. at 504–05; *Flores*, 739 F.3d at 341 (collecting cases). This way, a defendant can compile a full record before the district court in proceedings specifically aimed at developing the facts relevant to an ineffective-assistance claim. *Massaro*, 538 U.S. at 505. The district court can then weigh evidence and come to a decision on the merits.

Here, we cannot determine whether Cates's representation was deficient and whether he was prejudiced by it. The record simply does not contain the necessary information. See *Flores*, 739 F.3d at 341. If Cates indeed requested that trial counsel withdraw the plea before the district judge accepted it, then he might be able to prevail under *Strickland*. But the only evidence we have are Cates's own statements describing an out-of-court discussion. We do not know if Cates's lawyer would confirm or deny that the discussion in question took place. He has not yet been asked. We do not even know when the key discussion took place. Cates estimated that he received the letter confirming acceptance of the plea on October 4 or 5, but that does not necessarily indicate that he spoke to his lawyer before the plea was accepted on October 3. For all we know, they could have had the conversation on October 4, when it was already too late to withdraw the plea. Cates cannot rebut the presumption of regularity when essential pieces of evidence are missing and the relevant record contains only his own self-serving statements, which the district court was not required to credit.

If Cates had saved his ineffective-assistance claim for a collateral attack under § 2255, the district judge would have been able to hear the lawyer's side of the story and to consider any other relevant evidence. Perhaps counsel might have conceded that he erroneously informed Cates that he could not withdraw his guilty plea. On the other hand, he might instead have contested Cates's story, requiring the factfinder to decide whom to believe. On direct appeal, we lack the information necessary to make such determinations. See *Massaro*, 538 U.S. at 506 ("Even meritorious claims would fail when brought on direct appeal if the trial record were inadequate to support them.").

Since *Massaro*, we have encouraged counsel to make their clients aware of the significant risks of raising ineffective-assistance claims on direct appeal, sometimes even going so far as to give appellate counsel one last opportunity after oral argument to dissuade defendants from pursuing a strategy almost always doomed to fail. See, e.g., *Flores*, 739 F.3d at 342. We asked counsel at oral argument whether Cates was aware of the risks inherent in direct appeal. She said that he was. After oral argument, we gave Cates one last opportunity to withdraw his ineffective-assistance claim, instructing his appellate lawyer to confer with him once more and to advise the court of his decision. Counsel reported that she explained the strategic reasons to resolve the issue under § 2255 rather than on direct appeal, but that Cates chose to go forward with the appeal, as is his right. The judgment of the district court is

AFFIRMED.