In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-1153

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TAIWO K. ONAMUTI,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:16-cr-00093-1 — **James R. Sweeney, II**, *Judge.*

ARGUED OCTOBER 6, 2020 — DECIDED DECEMBER 18, 2020

Before WOOD, BRENNAN, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Taiwo Onamuti, a Nigerian citizen, pleaded guilty to identity theft and defrauding the U.S. Treasury out of $5 million through illegitimate tax refunds. His plea agreement with the government waived his right to appeal his conviction "on any ground" except for a claim of ineffective assistance of counsel. Onamuti later sought to withdraw his plea, arguing that his lawyer failed to advise him that his convictions would subject him to mandatory deportation. The

district court denied the motion without an evidentiary hearing, a ruling Onamuti challenges on appeal. We cannot reach the issue, however, and indeed dismiss the appeal, as Onamuti is bound by the waiver of appeal he agreed to in his plea agreement.

**I**

From 2014 to 2016, Onamuti led an identity-theft ring responsible for filing almost 1,500 tax returns and netting $5 million in illicit refunds. The fraud scheme entailed sophistication, requiring the use of stolen personal identifying information to file fraudulent returns requesting maximum refunds and then laundering the proceeds domestically and abroad. At times the ring exploited government websites to gather information needed to submit the returns and to ensure that legitimate returns had not already been filed.

Once the authorities detected the fraud, a federal indictment followed. A grand jury charged Onamuti with eleven counts of presenting false claims, 18 U.S.C. § 287, nine counts of identity theft, *id.* § 1028(a)(7), two counts of aggravated identity theft, *id.* § 1028A, and one count of conspiracy to defraud the United States, *id.* § 371.

Onamuti pleaded guilty to one count each of false claims, identity theft, and aggravated identity theft. In his accompanying plea agreement, Onamuti expressly acknowledged that, while his plea "may have consequences" for his immigration status, he "nevertheless" wanted to accept responsibility for his offense conduct "regardless of any immigration consequences" that a plea may entail. He likewise certified that he had read the agreement, discussed it with his attorney, and understood its terms. Onamuti also "expressly waive[d]"

the right to appeal his conviction "on any ground" except a claim alleging the ineffective assistance of counsel.

During his plea colloquy, Onamuti confirmed under oath that, by pleading guilty pursuant to the agreement, he "may very well be deported" and that he was waiving his appellate rights. The district court accepted Onamuti's plea as knowing and voluntary and later sentenced him to 204 months' imprisonment.

## II

### A

On appeal, Onamuti continues to pursue withdrawing his guilty plea. He first sought to do so before sentencing, insisting that his lawyer failed to advise him that, by pleading guilty, the law made deportation mandatory because of the nature of his convictions. He also requested an evidentiary hearing to allow the district court to evaluate the merits of his request. The district court denied both motions. Regardless of what his lawyer told him about the immigration consequences of his plea, the court reasoned, Onamuti expressly confirmed during the plea colloquy that he understood that he "may very well be deported." And no evidentiary hearing was necessary, the court added, without substantial evidence impugning the validity of the plea. The court then emphasized that Onamuti had offered "no evidence whatsoever— only unsworn assertions that contradict both themselves and his sworn statements at his change of plea hearing."

This precise and limited issue—the denial of an evidentiary hearing—is the only question Onamuti raises on appeal. But this challenge runs headlong into the appellate waiver Onamuti agreed to in his plea agreement.

A "voluntary and knowing waiver of an appeal is valid and must be enforced." *United States v. Perillo*, 897 F.3d 878, 882 (7th Cir. 2018) (quoting *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011)). And a valid appeal waiver can extend to, and require dismissal of, a challenge to the denial of a motion to withdraw a guilty plea, for such a request effectively challenges a conviction. See *United States v. Alcala*, 678 F.3d 574, 578 (7th Cir. 2012). What all of this means here is that our review asks two sequential questions—whether the appeal waiver covers the claim Onamuti advances on appeal, and, if so, whether the waiver was knowing and voluntary. See *Perillo*, 897 F.3d at 882–83.

Onamuti agreed to a broad appellate waiver—to forgo appeal "on any ground." This language covers Onamuti's request to withdraw his plea. See *Perillo*, 897 F.3d at 883; see also *United States v. McGuire*, 796 F.3d 712, 715 (7th Cir. 2015). By extension, then, the expansive waiver forecloses a challenge to the district court's refusal to hold a related evidentiary hearing.

We see no reason in the record to find that Onamuti's waiver was not knowing and voluntary. He repeatedly acknowledged, both in the plea agreement and while under oath before the district court, that he understood the rights he was waiving and the immigration consequences of his plea, all of which he confirmed having discussed with his attorney. Onamuti is bound to the waiver he agreed to. See *Alcala*, 678 F.3d at 578–80.

B

We close by adding a few words in response to Onamuti's repeated suggestion that he pleaded guilty only because of

inaccurate advice conveyed to him by his counsel in the district court. A showing of ineffective assistance of counsel may be reason to find an appeal waiver was not knowing and voluntary and, so, unenforceable. See, *e.g.*, *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013); *United States v. Hodges*, 259 F.3d 655, 659 n.3, 661 (7th Cir. 2001). During oral argument, however, counsel assured us that Onamuti presses no ineffective assistance claim on appeal.

In denying Onamuti's motion for an evidentiary hearing, the district court never reached the ineffective assistance claim, instead declining to hold a hearing because Onamuti offered nothing to call into question the statements he made under oath during the plea colloquy. The district court's stopping point may very well matter for Onamuti in the future.

Raising an ineffective assistance claim on direct appeal is a narrow exception and "is almost always imprudent." *United States v. Cates*, 950 F.3d 453, 456 (7th Cir. 2020). District court proceedings aim to determine guilt or innocence, not to resolve ineffective assistance claims. Lacking evidence of counsel's actions and reasoning, the resulting record is often too inadequate to permit meaningful appellate review. See *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). And by advancing an ineffective assistance claim on direct review, a defendant loses the chance to present the claim a second time under 28 U.S.C. § 2255. See *Cates*, 950 F.3d at 457. For that very reason, we have time and again warned defendants against bringing such claims on direct appeal. See *id.* (collecting cases).

Almost invariably, defendants are better served by pursuing such claims on collateral review under 28 U.S.C. § 2254 or § 2255. That channel offers some prospect of developing the

facts and record necessary to prove an alleged Sixth Amend-
ment violation. Upon a proper showing, the district court may
hold a hearing and receive testimony revealing what advice
counsel provided and the defendant's decision-making pro-
cess in choosing a particular course of action in the trial court.
See *Massaro*, 538 U.S. at 505; see also *Williams v. Jackson*, 964
F.3d 621, 630 (7th Cir. 2020) (explaining the showing required
to receive an evidentiary hearing on a § 2254 petition); *Day v.
United States*, 962 F.3d 987, 992 (7th Cir. 2020) (same for
§ 2255).

These observations apply with full force here. The record
contains only Onamuti's unsworn assertions about what
counsel told him. What is missing is any response from Ona-
muti's original counsel as well as related perspectives on how
Onamuti likely would have proceeded but for the allegedly
deficient advice he received before choosing to plead guilty.
See *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). Even more,
at oral argument, Onamuti's counsel stated that he is not ad-
vancing an ineffective assistance claim on appeal. And in an
admirable display of candor, counsel for the government
stated that, based on the present record, it would not argue
that the law-of-the-case doctrine precludes an ineffective as-
sistance claim in a future § 2255 proceeding. See *United States
v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991).

Whether Onamuti chooses to go forward on such a claim
is up to him, and we express no view on the claim's merits or
likelihood of success. We confine ourselves to the narrow
question of whether Onamuti's appeal waiver precludes our
review of the district court's denial of an evidentiary hearing
on his motion to withdraw his plea. Having concluded that
Onamuti waived this challenge, we DISMISS the appeal.