NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 5, 2021
Decided February 8, 2021

*Before*

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1001

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:18CR68-001 |
| BRANDON EDELMAN, *Defendant-Appellant*. | Robert L. Miller, Jr., *Judge.* |

**O R D E R**

A federal grand jury indicted Brandon Edelman on charges of possession with intent to distribute methamphetamine, *see* 21 U.S.C. § 841(a); possession of a firearm in relation to a drug-trafficking offense, *see* 18 U.S.C. § 924(c)(1)(A); and possession of a firearm as a felon, *see id*. § 922(g)(1). He testified at trial that the drugs and gun found by police officers belonged to his girlfriend, Rachel McCoy. Nevertheless, a jury found Edelman guilty of all three offenses. He appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Edelman did not respond to counsel's motion. *See* CIR. R. 51(b). Counsel's brief appears thorough; it explains the nature of the case and the issues that an appeal of this

kind might be expected to involve. We therefore limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

## I. Background

Edelman was driving through South Bend, Indiana on April 27, 2018, when local police officers attempted a traffic stop. At first Edelman stopped, but he then accelerated and led the officers on a high-speed chase. During the chase, McCoy, who was sitting in the passenger's seat, threw a gun, a bag that contained 113.4 grams of methamphetamine, and $20,000 in cash out of her window. When the police arrested Edelman, they found another bag of methamphetamine in his pocket. That bag weighed 9.45 grams at the scene, but when tested at a state lab, the drugs weighed 8.18 grams.

Later that day, officers interviewed Edelman. He told them what McCoy had thrown out the window, and officers later found the gun, drugs, and cash along the route of the chase. Edelman also said that he was a "heavy hitter in the ice [(crystal methamphetamine)] game," and that he had been buying and selling the drug on April 26 and April 27. Finally, Edelman admitted to owning the gun, explaining that he got it after being robbed of drug proceeds a few weeks before.

## II. Analysis

### A. Evidentiary Rulings

Counsel first proposes arguing that the district court erred by admitting into evidence the bag of methamphetamine found on Edelman and ten video excerpts from his interview with police. Edelman preserved these objections by moving to exclude the evidence and objecting to its admission at trial. We would review the evidentiary decisions for abuse of discretion. *United States v. Quiroz*, 874 F.3d 562, 569 (7th Cir. 2017).

Counsel rightly concludes that it would be frivolous to challenge the admission of the bag of methamphetamine. At trial, Edelman argued that the difference in the weight taken at the scene (9.45 grams) and the lab (8.18 grams) proved that the bag presented was not the one police took from him. But the government's witnesses explained that the drugs had been weighed in the bag at the scene, and without it at the lab. The government also established through chain-of-custody evidence that the bag was in the same condition as when it was taken from Edelman. *See United States v. Prieto*, 549 F.3d 513, 524–25 (7th Cir. 2008). Its witnesses testified that the bag was

separated from the other drugs at the scene, was transported from there to the local police evidence lab, to a state lab, back to the local lab, and then to trial, and was kept separate from other drug evidence in police custody. This was sufficient to allow a finding that the government "took reasonable precautions to preserve the original condition" of the bag. *Id*. at 525. It would thus be frivolous to argue that the district court abused its discretion by deciding that the weight discrepancy went to the weight of the evidence, not its admissibility. *See id*. at 524–25.

Counsel also rightly determines that it would be frivolous to challenge the admission of interview excerpts in which Edelman admitted to drug trafficking with McCoy weeks and hours before his arrest, being robbed of drug proceeds, and getting a gun. This evidence would not have been admissible to show Edelman's propensity to commit the charged crimes. *See* FED. R. EVID. 404(b); *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014). But, as the district court explained, the fact that Edelman got a gun after being robbed of drug proceeds was probative of his motive for having the same gun when arrested—to further his drug trafficking—and was permissibly offered for that purpose. *See United States v. Schmitt*, 770 F.3d 524, 534–35 (7th Cir. 2014). Similarly, Edelman's drug trafficking before his arrest was non-propensity evidence showing his intent to distribute the drugs he possessed. *See United States v. Morgan*, 929 F.3d 411, 427 (7th Cir. 2019) (finding evidence that defendant sold drugs the month before and day of arrest admissible to show intent). Finally, the court reasonably concluded that the high probative value of the recorded statements was not outweighed by a risk of unfair prejudice, because Edelman planned to argue (and did) that the gun was McCoy's and that he did not intend to distribute the drugs. *See id.* at 429 (finding other-acts evidence highly probative and not outweighed by unfair prejudice where defendant denied intent); FED. R. EVID. 403.

**B. Jury Instructions**

We further agree with counsel that it would be frivolous to argue that the district court erred by instructing the jury to find Edelman guilty if he knowingly aided and abetted another person's crime. Edelman objected to this instruction at trial because he was not indicted under the aiding and abetting statute, 18 U.S.C. § 2. We would review the jury charge in its entirety to determine whether the jury was misled. *United States v. Renner*, 238 F.3d 810, 812–13 (7th Cir. 2001). "Every indictment implicitly includes an aiding and abetting charge," even if it fails to cite § 2. *Id*. at 814. Thus, so long as the instruction was supported by the record, we would not disturb it. *See United States v. Lanzotti*, 205 F.3d 951, 956 (7th Cir. 2000). Here, the record supports the instruction:

Edelman admitted that he was driving with McCoy, was trafficking drugs with her, and told her to toss the gun, drugs, and money out the window.

## C.  Sufficiency of the Evidence

Counsel also considers arguing that the evidence was insufficient to convict Edelman but correctly concludes that it would be pointless. At the close of the government's case, the district court denied Edelman's motion for a judgment of acquittal on the charges of possession with intent to distribute methamphetamine and possession of a firearm in relation to drug trafficking. *See* FED. R. CRIM. P. 29(a). If asked to overturn the jury's verdict, we would view the evidence in the light most favorable to the government and reverse only if no rational jury could find guilt. *United States v. Moreno*, 922 F.3d 787, 793 (7th Cir. 2019). Edelman argued at trial that the drug evidence was unreliable because of the weight discrepancy. But, as explained, the government sufficiently established that the bag offered at trial came from Edelman's pocket. So a reasonable juror could have found Edelman guilty of possession based on that evidence. Edelman waived any other insufficiency claim by failing to raise it at trial. *See United States v. Maez*, 960 F.3d 949, 959 (7th Cir. 2020). Moreover, the evidence of Edelman's guilt was overwhelming—his recorded confessions and the evidence retrieved from the chase route were sufficient to convict on all three charges. *See* 21 U.S.C. § 841(a); 18 U.S.C. §§ 924(c)(1)(A), 922(g)(1). And even if the jury believed Edelman's testimony that the drugs and the gun were McCoy's, the evidence was sufficient to convict him of aiding and abetting her. *See* 18 U.S.C. § 2.

Counsel further proposes challenging Edelman's conviction for possession of a firearm as a felon because the indictment did not allege that he knew he was a felon, nor did the jury instructions require a finding that he knew his status. *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2020). Yet, as counsel determines, a challenge based on *Rehaif* would be frivolous. Edelman did not object to either omission, so we would review for plain error. *See Maez*, 960 F.3d at 956–57. The omission in the jury instructions was plain and erroneous. *Id.* at 964. But the jury heard "overwhelming evidence" that Edelman knew his status. *Id*. He stipulated that he had been convicted of a felony before April 2018 and testified that he knew he had a felony conviction, so he could not "be caught with" a gun.[1]  We thus could not find that the error impacted his

---

[1]  We see nothing in the cases in which the Supreme Court granted writs of certiotari to review issues raised by the *Rehaif* decision that would affect our

substantial rights. *See id.* Similarly, even if the omission in the indictment was erroneous, considering the evidence heard by the jury, we could be confident that "the grand jury (which acts under a lower burden of persuasion) would have reached the same conclusion" had the indictment correctly charged Edelman. *Id.* at 966.

## D. Post-Trial Motions

Counsel next considers arguing that the district court erred in denying Edelman's two motions for a new trial, which were purportedly based on newly discovered evidence—first a letter from McCoy to Edelman stating "Imma talk to my L[awyer] & tell em what was mine & what wasn't," and second McCoy's guilty plea admitting that she possessed methamphetamine on April 27, 2018. A post-judgment motion based on new evidence must show that the evidence: "(1) was discovered after trial, (2) could not have been discovered sooner through the exercise of due diligence, (3) is material and not merely impeaching or cumulative, and (4) probably would have led to acquittal." *United States v. Friedman*, 971 F.3d 700, 715 (7th Cir. 2020). As the district court explained, this evidence was not discovered after trial. Edelman received and read McCoy's letter before trial, though it was taken from him in jail. He also knew that McCoy was with him the night of his arrest; he testified that she possessed methamphetamine. Moreover, Edelman did not show that McCoy's letter, plea, or even testimony would likely have resulted in his acquittal. McCoy's plea agreement stated that Edelman owned the gun she tossed. And although she admitted to possessing methamphetamine, this evidence was at best cumulative of Edelman's testimony that the drugs (other than what was found in his pocket) were hers. Thus, any argument that the district court abused its discretion would be frivolous.

## E. Sentencing

Counsel also correctly concludes that Edelman could not make any non-frivolous challenge to his within-guidelines sentence of 408 months in prison, consisting of 348 months for his grouped convictions under 21 U.S.C. § 841(a) and 18 U.S.C. § 922(g)(1)

---

examination of the issue. Edelman did not plead guilty, *see United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *cert. granted*, 2021 WL 77245 (Jan. 8, 2021) (No. 20-444), it would not be necessary to look beyond the trial record for evidence of Edelman's knowledge, *see United States v. Greer*, 798 F. App'x 483 (11th Cir. 2020), *cert. granted*, 2021 WL 77241 (Jan. 8, 2021) (No. 19-8709), and the evidence that he knew his status is overwhelming, *see id.*

and a consecutive 60 months for his conviction under 18 U.S.C. § 924(c)(1)(A). To start, counsel considers arguing that the district court incorrectly calculated a guidelines range of 324 to 405 months (capped at the statutory maximum of 360 months, *see* U.S.S.G. § 5C1.1(c)) for his grouped convictions because the facts did not support an offense level of 36. We would review the court's factual findings for clear error, and its application of the guidelines de novo. *See United States v. Norwood*, 982 F.3d 1032, 1058 (7th Cir. 2020). Here, in his police interview, Edelman admitted to trafficking the 8.18 grams of methamphetamine in his pocket and the 113.4 grams McCoy tossed. He also said that the $20,000 was drug proceeds and that he was selling methamphetamine for $6,500 a pound, so the cash was equivalent to 3.07 pounds of meth or, at 453.6 grams per pound, 1,392.5 grams. The record thus supports the finding that Edelman's relevant conduct included a total of 1,514.08 grams of methamphetamine, consisting of the 8.18 grams from his pocket, the 113.4 grams McCoy tossed, and the cash equivalent of 1,392.5 grams. Therefore, it would be frivolous to argue that the court erred in selecting the corresponding base offense level of 32. *See* U.S.S.G. §§ 1B1.3, 2D1.1(a)(5), (c)(4).

It would also be frivolous to argue that the district court erred by imposing two-level enhancements for obstruction of justice for recklessly creating a substantial risk of death or serious injury to another, *see id*. § 3C1.2, and for willfully impeding or attempting to impede the administration of justice, *see id*. § 3C1.1. Police officers testified that Edelman led them on a high-speed chase through residential areas. *See United States v. White*, 443 F.3d 582, 592 (7th Cir. 2006). And, as the court explained, Edelman knowingly lied at trial about material topics. *See United States v. Coleman*, 914 F.3d 508, 513 (7th Cir. 2019). Although he testified that he admitted to police only that he owned a BB gun and stopped drug trafficking long before his arrest, the video of the interview showed that he was discussing a real gun and trafficking in April of 2018.

Next, counsel rightly concludes that Edelman could not raise a non-frivolous challenge to his sentence's substantive reasonableness. We would presume his within-guidelines sentence is reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. McDonald*, 981 F.3d 579, 581 (7th Cir. 2020). Edelman could not rebut that presumption because the district court applied the factors under 18 U.S.C. § 3553(a) in selecting his sentence. *See United States v. Lockwood*, 840 F.3d 896, 903 (7th Cir. 2016). The court weighed the circumstances of Edelman's offense, his escalating criminal activity, and his history of mental health problems and substance abuse. The court explained that, based on this record and a lack of accountability or remorse, it considered Edelman "beyond rehabilitation." It concluded that the public needed

protection from him and imposed a sentence consistent with that goal and the other § 3553(a) factors.

Finally, counsel considers whether Edelman could argue on direct appeal that he received ineffective assistance from trial counsel. In the district court, Edelman repeatedly asserted that his counsel was inadequate. But the court never developed a record on whether counsel had, in fact, been ineffective. Thus, Edelman should pursue any ineffective-assistance claim in a motion under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 457 (7th Cir. 2020).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.