NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 9, 2021
Decided March 9, 2021,

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1529

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, New Albany Division. |
| *v.* | No. 4:15-cr-00016-SEB-VTW-1 |
| ROBERT D. JENKINS *Defendant-Appellant.* | Sarah Evans Barker, *Judge*. |

**O R D E R**

Robert Jenkins pleaded guilty to producing child pornography, 18 U.S.C. § 2251(a), and received a sentence of 336 months' imprisonment and 10 years of supervised release. Because he expressly waived his right to appeal in his plea agreement, his trial counsel declined to file a notice of appeal. Jenkins later attacked his conviction and sentence under 18 U.S.C. § 2255, arguing (among other things) that his counsel was ineffective for refusing to file a notice of appeal. After the Supreme Court's intervening decision in *Garza v. Idaho*, 139 S. Ct. 739 (2019) validated that argument, we

remanded, and the district court reentered judgment to allow for a timely direct appeal. *See* Order, *Jenkins v. United States*, No. 18-3083 (7th Cir. Dec. 16, 2019).

Jenkins now appeals, but his appointed counsel asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 746 (1967). Jenkins filed a response under Circuit Rule 51(b) opposing counsel's motion. Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis appears thorough, we limit our review to the subjects counsel discusses and the issues Jenkins raises in response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Jenkins could challenge his conviction and rightly concludes that such a challenge would be futile. Jenkins's plea agreement included a broad waiver of his appellate rights, including the right to appeal his conviction "on any ground." An appeal waiver "stands or falls" with the underlying guilty plea. *United States v. Gonzalez*, 765 F.3d 732, 741 (7th Cir. 2014). Unless there is reason to doubt the validity of Jenkins's plea, his waiver is enforceable. *See id.* Counsel does not directly say whether Jenkins wishes to challenge his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Jenkins's response makes it clear that he does. However, because he did not move to withdraw his plea in the district court, we would review challenges to its validity only for plain error. *See United States v. Schaul*, 962 F.3d 917, 921 (7th Cir. 2020).

The record shows that it would be frivolous to argue that the district court plainly erred in accepting Jenkins's guilty plea. A guilty plea is knowing and voluntary if the district court conducts a plea colloquy that complies with Federal Rule of Criminal Procedure 11(b), "requiring the court—prior to accepting a guilty plea—to address the defendant, inform him of his rights, determine that there is a factual basis for the plea, and determine that the plea is voluntary." *United States v. Barr*, 960 F.3d 906, 917 (7th Cir. 2020). As counsel explains, the district court substantially complied with Rule 11 during the change-of-plea hearing and ensured that Jenkins understood the appeal waiver. *See Gonzalez*, 765 F.3d at 741. The court confirmed that Jenkins read and understood his plea agreement, which laid out in detail the rights he was forsaking, the consequences of pleading guilty, and the scope of the appeal waiver. Based on this record, any challenge to the validity of the plea and its attendant waivers would be frivolous.

Next, counsel considers whether Jenkins could appeal his sentence and correctly concludes that any challenge to Jenkins's within-guidelines sentence would be precluded by his appeal waiver. Jenkins waived the right to appeal any sentence "within the advisory guideline range determined by the Court, regardless of the defendant's criminal history category or how the sentence is calculated by the court." Counsel concludes that there is no reason not to enforce that waiver. We recognize only a few narrow exceptions to the enforcement of appeal waivers for sentences. *United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). Jenkins's sentence does not exceed the statutory maximum (30 years' imprisonment and lifetime supervised release), and the sentencing transcript counsel has now provided confirms that it was not based on a constitutionally impermissible factor (such as race), so counsel rightly declines to argue that the appeal waiver is unenforceable. *See id.*

Jenkins, however, insists that we should allow him to challenge his sentence because a miscarriage of justice would result if the purported errors in calculating his guidelines range are not corrected. But Jenkins explicitly waived the right to appeal his sentence, "regardless of … how the sentence is calculated by the court." There is no exception to enforcing appellate waivers that would allow us to consider his challenge to the guidelines calculations. *See id*.

Finally, counsel explores whether Jenkins could raise a nonfrivolous argument that he was denied the effective assistance of counsel—an argument specifically exempted from the appeal waiver. Jenkins argued in a previous motion under 28 U.S.C. § 2255 that his trial counsel was ineffective for "failing to permit him to go to trial," "denying his right to go to trial," and "manipulating him to discount any desire to go to trial by saying [he] would lose." He presses this argument in his response and implies that his plea was not knowingly made because he received bad legal advice.

But, as counsel observes, nothing in the existing record supports Jenkins's assertion that trial counsel was ineffective. (Declining to file a notice of appeal because of an appeal waiver was not categorically deficient at the time, and no other potential deficiency can be gleaned from the record.) A claim that trial counsel was ineffective would require evidence outside of the record, such as Jenkins's testimony about the advice he received from trial counsel. We cannot consider new evidence on appeal that is not part of the district court's record. *United States v. McDonald*, 981 F.3d 579, 581 (7th Cir. 2020). Therefore, counsel appropriately concludes that it would be frivolous to raise the argument on direct appeal. *See Massaro v. United States*, 538 U.S; *see also* Fed. R. App. P. 10(a). 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 457 (7th Cir. 2020) ("[W]e

have repeatedly warned defendants against bringing ineffective-assistance claims on direct appeal.").

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.