In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 21-2935

UNITED STATES OF AMERICA,
 Plaintiff-Appellee,
 v.

PAULA R. HISE,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court for the
 Southern District of Illinois.
 No. 20-cr-40072-JPG-1 — J. Phil Gilbert, Judge.
 ____________________

 ARGUED SEPTEMBER 14, 2022 — DECIDED APRIL 17, 2023
 ____________________

 Before EASTERBROOK, ROVNER and ST. EVE, Circuit Judges.
 ROVNER, Circuit Judge. On August 20, 2020, a grand jury
returned a two-count indictment charging Paula R. Hise with
two counts of wire fraud, in violation of 18 U.S.C. § 1343. Hise
was employed by the victim as an office manager and
bookkeeper for his construction company for more than 12
years, and an investigation by the Federal Bureau of Investi-
gation revealed that Hise had embezzled over $1.5 million
from that company. As part of that conduct, Hise obtained a
2 No. 21-2935

fraudulent credit card in her name and the name of the busi-
ness, and caused electronic transfers of funds from the busi-
ness account to pay the balance on that credit card. Hise en-
tered an open guilty plea to those charges and the district
court sentenced her to 63 months’ imprisonment and three
years of supervised release, to be served concurrently for each
count. The court also ordered $200 in special assessments and
$1,550,379.14 in restitution, subject to set-off amounts to be
determined at a later hearing. The parties subsequently
agreed to the set-off amount of $21,953.55, which reflected the
proceeds of a Sheriff’s Sale, and a revised Presentence Inves-
tigation Report (“PSR”) was prepared with a restitution
amount of $1,528,425.51 incorporating that set-off. The court
then entered a judgment including that revised restitution
amount.1

 1 Because the district court decided the restitution issue after its initial

sentencing decision and Hise’s notice of appeal, Hise was required to file
a second notice of appeal to challenge the restitution order on appeal. See
Manrique v. United States, 137 S. Ct. 1266, 1272–73 (2017). That notice of
appeal requirement can be satisfied by other documents in the record such
as an appellate brief, see Smith v. Barry, 502 U.S. 244, 245 (1992), but the
timing of such filing is at issue here, as no such notice appears to have
been filed within the 14-day period specified by Federal Rule of Appellate
Procedure 4(b)(1)(A)(i). We have held, however, that the Rule 4(b) time
limits for appeals by defendants in criminal cases are not jurisdictional,
but rather are claims-processing rules that can be waived or forfeited.
United States v. Neff, 598 F.3d 320, 322–23 (7th Cir. 2010). Therefore, the
timeliness issue does not impact our jurisdiction, and as the government
did not raise the timeliness of the notice of appeal here, we need not ad-
dress the issue further. See Manrique, 137 S. Ct. at 1274 (noting that “[t]he
filing of a notice of appeal from an amended judgment imposing restitu-
 (continued)
No. 21-2935 3

 Hise raises two challenges on appeal. First, she asserts that
the district court violated Federal Rule of Criminal Procedure
32(i)(1)(A) and(C) in that it failed to ensure that Hise and her
attorney had read and discussed the amended PSR and any
addendum to it prior to imposing the sentence. Rule
32(i)(1)(A) requires the court, at sentencing, to “verify that the
defendant and the defendant’s attorney have read and dis-
cussed the presentence report and any addendum to the re-
port,” and subsection (C) of that provision provides that the
court “must allow the parties’ attorneys to comment on the
probation officer’s determinations and other matters relating
to an appropriate sentence.” Neither of those provisions were
violated here.
 As we have repeatedly recognized, in order to comply
with those rules “’[t]he district court at the sentencing hearing
need directly ask the defendant only three questions –
whether he or she has had an opportunity to read the report,
whether the defendant and defense counsel have discussed
the report and whether the defendant wishes to challenge any
facts in the report.’” United States v. Jarigese, 999 F.3d 464, 472
(7th Cir. 2021), quoting United States v. Rone, 743 F.2d 1169,
1174 (7th Cir. 1984). Although such questioning is important
in the “focused, adversarial development of the factual and
legal issues relevant to determining the appropriate Guide-
lines sentence,” remand is unnecessary if the error in failing
to do so was harmless. Jarigese, 999 F.3d at 472 (internal quo-
tation marks omitted); United States v. Rodriguez-Luna, 937

tion is at least a mandatory claim-processing rule, … meaning that the re-
quirement to file such a notice is unalterable, so long as the opposing party
raises the issue.”).
4 No. 21-2935

F.2d 1208, 1213 (7th Cir. 1991). Thus, for instance, we have
found no reversible error where a defendant did not deny that
she had an opportunity to review the report and disputed is-
sues were addressed by the district court. United States v. Wag-
ner, 996 F.2d 906, 916 (7th Cir. 1993). Similarly, we have found
harmless error where the defendant identified a factual error
in the PSR that he was not given an opportunity to contest,
but that fact was correctly stated at the sentencing hearing
and the district court did not rely on the fact in determining
his sentence. Jarigese, 999 F.3d at 472.
 Hise acknowledges that she and her attorney were pro-
vided with an opportunity to review the PSR and make com-
ments on it in its initial form, and the record reflects that the
district court provided both of them with an opportunity to
assert any objections to it. She claims, however, that no such
opportunity was provided as to the revised PSR, and argues
that there is a likelihood that timely objections would have
resulted in a lower sentence and restitution amount and
therefore that the court’s error resulted in prejudice to her.
Despite that contention, Hise fails to identify on appeal any
objection that could have been made to the revised PSR. She
has not pointed to any aspect of the PSR that was incorrect or
which could be subject to an objection. Therefore, she has
failed to provide any support for her bare allegation that
timely objections would have impacted her sentence or resti-
tution amount.
 Moreover, the record further reveals the absence of any er-
ror or prejudice. The only revision to the PSR was a reduction
in the restitution amount to reflect a set-off. That set-off
amount was stipulated to by Hise and her attorney, and there-
fore Hise had no basis to object to that set-off—which reduced
No. 21-2935 5

the amount she owed in restitution. Because the revised PSR
was otherwise unchanged from the prior version, and re-
flected an agreed-upon fact, the record reveals that there was
no error and no possible prejudice in the mere inclusion of the
stipulated amount.
 Hise’s second argument related to that revised PSR fails as
well. She argues that she was denied her right to be repre-
sented by counsel because her attorney failed to make any ob-
jection to the PSR and failed to appear at the final determina-
tion hearing regarding the imposition of the final restitution
amount against Hise. “In evaluating an ineffective-assistance
claim, the benchmark is ‘whether counsel’s conduct so under-
mined the proper functioning of the adversarial process that
the trial cannot be relied on as having produced a just result.’”
Shannon v. United States, 39 F.4th 868, 877 (7th Cir. 2022), quot-
ing Strickland v. Washington, 466 U.S. 668, 686 (1984). Under
the familiar Strickland test, to demonstrate ineffective assis-
tance of counsel as so alleged Hise must show that her attor-
ney’s failure to object constituted deficient performance, and
that the deficient performance prejudiced her. Strickland, 466
U.S. at 687.
 We have repeatedly emphasized that raising a claim of in-
effective assistance of counsel on direct appeal is almost al-
ways imprudent. See United States v. Cates, 950 F.3d 453, 456
(7th Cir. 2020); United States v. Flores, 739 F.3d 337, 341 (7th
Cir. 2014). A district court record on direct appeal is unlikely
to contain evidence showing conclusively whether a lawyer’s
representations were inadequate and affected the outcome,
whereas by waiting to assert such claims in a collateral attack
a defendant can compile a full record in proceedings aimed at
developing the facts relevant to an ineffective-assistance
6 No. 21-2935

claim. Cates, 950 F.3d at 457. As we have in past cases, we ap-
prised counsel of that risk of pursuing the claim on direct ap-
peal, and asked whether Hise was aware of that risk and
wanted to proceed despite it. See, e.g., Flores, 739 F.3d at 342.
Counsel for Hise confirmed that Hise had been informed of
the risk and chose to pursue the claim on direct appeal, and
therefore we examine the claim in light of the record before
us.
 On this record, Hise has failed to adequately allege any
claim of ineffective assistance. As to her claim based on her
attorney’s failure to object to the PSR, we have already held
that she has failed to identify any objection which could have
been made to the PSR, let alone an error that resulted in prej-
udice. She argues in the alternative that her right to an attor-
ney was violated by her attorney’s failure to appear at the
hearing implementing the revised restitution amount which
included the set-off, resulting in an effective denial of counsel
altogether. As support for that argument, Hise relies on the
Supreme Court’s opinion in United States v. Cronic, 466 U.S.
648 (1984). In Cronic and subsequent cases, the Supreme Court
recognized that prejudice can be presumed in certain Sixth
Amendment contexts, including “’if the accused is denied
counsel at a critical stage of his trial,’ United States v. Cronic,
466 U.S. 648, 659 (1984), or left ‘entirely without the assistance
of counsel on appeal,’ Penson v. Ohio, 488 U.S. 75, 88 (1988)
…[or] ‘if counsel entirely fails to subject the prosecution’s case
to meaningful adversarial testing.’ Cronic, 466 U.S. at 659.”
Garza v. Idaho, 139 S. Ct. 738, 744 (2019); Lewis v. Zatecky, 993
F.3d 994, 1002 (7th Cir. 2021). Hise has raised no circum-
stances that fall within those categories or are in any way
analogous to such circumstances. She alleges only that her
No. 21-2935 7

counsel was not present at an appearance in which a stipu-
lated agreement was entered by the court—a pro forma action.
She does not even raise any objection to the stipulated agree-
ment entered which calculated a set-off amount that lowered
the restitution amount. It is not enough to cite, without fur-
ther analysis, to Cronic and its holding that a showing of prej-
udice is not necessary for “situations in which counsel has en-
tirely failed to function as the client’s advocate” during a crit-
ical stage of the proceedings. Florida v. Nixon, 543 U.S. 175, 189
(2004); Lewis, 993 F.3d at 1003. Hise must make an argument
that the facts in this case evidence the type of failure of repre-
sentation “so profound that prejudice is inherent in the situa-
tion.” Lewis, 993 F.3d at 997. She fails to present any such ar-
gument whatsoever. Hise has not identified any deficient per-
formance or prejudice in the failure to personally appear for
the entry of a stipulated order.
 Finally, Hise argues that her sentence, although within the
Guidelines range, was nevertheless excessive and was grossly
disproportionate to the offense in violation of the Eighth
Amendment of the Constitution. She argues that a sentence of
63 months’ imprisonment and restitution of over $1.5 million
for two counts of wire fraud which involved transactions to-
taling $4,104.05 is disproportionate when compared with
wire fraud cases of similar amounts. That argument is conclu-
sory, because Hise fails to identify any other wire fraud cases
at all. Moreover, at sentencing, the court determined that the
actual loss to the victim was over $1.5 million, and Hise does
not object to that calculation. A sentence within the Guide-
lines range is presumptively reasonable, and the court
properly considered the § 3553 factors in determining the sen-
tence. Hise’s conclusory argument that the sentence is dispro-
portionate is without legal support and is meritless.
8 No. 21-2935

 The decision of the district court is AFFIRMED.