In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-2694

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WALLACE B. CARSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 15-CR-30149-NJR-01 — **Nancy J. Rosenstengel**, *Judge.*

ARGUED APRIL 26, 2017 — DECIDED MAY 5, 2017

Before WOOD, *Chief Judge*, and RIPPLE and SYKES, *Circuit Judges*.

PER CURIAM. Wallace Carson robbed a convenience store by pulling a gun on the cashier. The police caught him in short order, and he pleaded guilty to Hobbs Act robbery and other charges. The district court sentenced Carson as an armed career criminal, classifying as violent felonies prior convictions for robbery and armed robbery. Carson now

appeals, arguing that under *Johnson v. United States*, 559 U.S. 133 (2010), none of those crimes is a violent felony. Because the appeal waiver in Carson's plea agreement precludes this argument, we dismiss the appeal.

Carson robbed a Walgreens store in 2015. He waited in line until the cashier opened the register to make change for the woman in front of him. He pulled a loaded, semiautomatic pistol out of his pants and held it in his right hand while reaching across the counter and grabbing cash from the register. Carson fled by bicycle, but witnesses told police his direction of travel and he was quickly caught. Carson was charged with Hobbs Act robbery, 18 U.S.C. § 1951(a); brandishing a firearm in furtherance of a crime of violence, *id.* § 924(c); and possessing a firearm as a felon, *id.* § 922(g)(1).

Carson pleaded guilty to all charges and waived his right to appeal with limited exceptions in exchange for the government's agreement to recommend a 3-level reduction for acceptance of responsibility and a prison sentence of 272 months. That sentence represented the low end of the range calculated by the parties based on a shared assumption that Carson would be sentenced as an armed career criminal. *See* 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4. The appeal waiver states:

> [I]n exchange for the recommendations and concessions made by the Government in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to contest any aspect of the conviction and sentence**, including the manner in which the sentence was determined or imposed, that could be contested

> under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment. …

> Defendant's waiver of the right to appeal or bring collateral challenges shall not apply to: 1) claims of ineffective assistance of counsel; 2) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders Defendant actually innocent of the charges covered herein; and 3) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission … .

During the plea colloquy, the judge stated three times that as an armed career criminal, Carson faced a statutory minimum of 15 years' imprisonment on the charge of possessing a firearm as a felon. *See* § 924(e). The judge also ensured that Carson understood the rights he was waiving, including his right to appeal.

The presentence investigation report recommended that Carson be sentenced as an armed career criminal (a defendant with three prior convictions for serious drug offenses or violent felonies). 18 U.S.C. § 924(e)(1). The statute defines a violent felony as any crime punishable by more than a year

in prison that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, [or] involves use of explosives." *Id.* § 924(e)(2)(B). The presentence report then identified four predicate convictions subjecting Carson to the enhancement: robbery in February 1990 and March 1991, both in Illinois; robbery in March 1992 in Missouri; and armed robbery in November 2005 in Illinois. Though Carson objected to other parts of the presentence report, he did not object to his designation as an armed career criminal. Rather, he had already stipulated in the plea agreement that the statutory minimum for the § 922(g)(1) charge is 15 years and that his criminal history category is VI, which would not be true if he is not an armed career criminal.

The judge sentenced Carson as an armed career criminal, which changed the statutory penalties he faced on the § 922(g)(1) charge from a maximum of 120 months' imprisonment to a minimum of 180 months' imprisonment. *See* § 924(e). And under the Sentencing Guidelines, the designation also raised the recommended imprisonment range for that charge (which was grouped with the Hobbs Act robbery charge) from 57–71 months to 188–235 months. *See* U.S.S.G. §§ 2K2.1(a)(4)(A); 4B1.4(b)(3)(A), (c)(2). The judge imposed concurrent 188-month terms for the § 922(g)(1) and Hobbs Act counts plus a consecutive term of 84 months for the § 924(c)(1) count (the statutory minimum since the gun was brandished, *see* 18 U.S.C. § 924(c)(1)(A)(ii)), for a total of 272 months' imprisonment.

On appeal Carson acknowledges the appeal waiver but asserts that it should not be enforced. He points to *United*

*States v. Gibson*, 356 F.3d 761 (7th Cir. 2004), which he reads broadly for the proposition that appeal waivers are unenforceable when a defendant contends his sentence exceeds the statutory maximum. He also cites a recent decision from this court in which the panel disregarded an appeal waiver to avoid a miscarriage of justice. *See United States v. Litos*, 847 F.3d 906, 910 (7th Cir. 2017). Carson contends that his sentence on the § 922(g)(1) count exceeds the statutory maximum and has caused a miscarriage of justice because, he argues, none of his prior convictions is a violent felony.

Carson's argument for ignoring his waiver is one we recently rejected as "entirely circular." *United States v. Worthen*, 842 F.3d 552, 555 (7th Cir. 2016). The defendant in *Worthen* was convicted of Hobbs Act robbery and also, based on that offense, using or carrying a firearm during a crime of violence. *Id.* at 554. He appealed despite waiving that right as part of his plea agreement; Hobbs Act robbery is not a crime of violence, he contended, making his § 924(c)(1) conviction and sentence illegal and the appeal waiver unenforceable. *Id.* at 554–55. In refusing to disregard the appeal waiver, we reasoned that we could not determine the lawfulness of the defendant's sentence without resolving his entire appeal. That was not the situation in *Gibson*, we explained, because in *Gibson* no analysis was necessary to understand that the sentence imposed exceeded the statutory cap. *Id.* at 555; *see Gibson*, 356 F.3d at 766. On the other hand, we continued, if the very argument raised in apparent violation of an appeal waiver must be decided on the merits in order to know whether the sentence is unlawful (and thus the waiver is unenforceable), we would "eviscerate the right to waive an appeal" by creating a rule "that an appeal waiver is enforce-

able unless the appellant would succeed on the merits of his appeal." *Worthen,* 842 F.3d at 555.

Carson does not meaningfully distinguish *Worthen.* Although he argues that the defendant in that case was trying to invalidate the underlying § 924(c)(1) conviction as well as the sentence for that crime, he does not explain why that difference matters. Our reasoning in *Worthen* applies equally to Carson's effort to invalidate his sentence; it is not possible to determine if Carson's sentence as an armed career criminal is illegal (or a miscarriage of justice) without resolving the merits of his appeal.

Neither is Carson's situation like that in *Litos.* There, we had already concluded in the appeals of his codefendants that restitution had been imposed improperly, and we allowed the appellant to benefit from that conclusion even though, unlike his codefendants, he had waived his right to appeal. *See Litos*, 847 F.3d at 910. All of the criminal participants were jointly and severally liable, and we reasoned that leaving the appellant on the hook for the entire improper amount by vacating the restitution imposed on his codefendants would constitute a miscarriage of justice. *Id.* But that exceptional situation is not present here; there is no way to resolve the merits of Carson's appeal without pretending that he did not bargain away the right to that relief. Carson received the benefit of that bargain when the government recommended a reduction of his offense level for acceptance of responsibility and the low end of their agreed guidelines calculation. And he does not otherwise challenge the voluntariness of his guilty pleas. Because an appeal waiver stands or falls with a guilty plea, we therefore enforce his waiver and dismiss this appeal. *See United States v. Gonzalez*,

765 F.3d 732, 741 (7th Cir. 2014); *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011).

DISMISSED.