NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2017
Decided October 18, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-3501

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 10 CR 50078-5 |
| NORMAN W. BREEDLOVE, | |
| *Defendant-Appellant*. | Frederick J. Kapala, *Judge*. |

**O R D E R**

Norman Breedlove pleaded guilty in 2016 to distributing heroin, 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of that drug-trafficking crime, 18 U.S.C. § 924(c)(1). Breedlove had been detained since his initial appearance in January 2011, and for much of that time he was being treated for mental illness which temporarily rendered him incompetent to stand trial. *See United States v. Breedlove*, No. 15-2058 (7th Cir. Mar. 9, 2016); *United States v. Breedlove*, 756 F.3d 1036 (7th Cir. 2014). After Breedlove's competence was restored, the parties had negotiated a plea agreement calling for a specific sentence of 82 months' imprisonment and 3 years' supervised release. *See* FED. R. CRIM. P. 11(c)(1)(C). The district court imposed that sentence after accepting the plea agreement. Breedlove has already completed the

prison component, and at his request the district court transferred jurisdiction over his supervised release to the Eastern District of Pennsylvania, where he resides.

Breedlove has filed a notice of appeal. He did so even though a plea agreement under Rule 11(c)(1)(C) cabins our appellate jurisdiction, *see* 18 U.S.C. § 3742(a), (c)(1); *United States v. Gibson*, 490 F.3d 604, 607 (7th Cir. 2007), and despite promising in his plea agreement to waive all appellate challenges to his convictions and sentence. Breedlove's newly appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Breedlove has responded to counsel's motion, *see* CIR. R. 51(b), by requesting substitute counsel. Because the lawyer's supporting brief is thorough and addresses potential issues that an appeal of this kind might be expected to involve, we limit our review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

We agree with counsel that this appeal is frivolous. The lawyer tells us that Breedlove does not want to contest his guilty pleas. Yet he does want to argue that he never regained his competence to stand trial. And he wants to contest the district court's rulings on several pretrial motions, including a pro se motion to dismiss premised on the Double Jeopardy Clause of the Fifth Amendment.

Breedlove cannot have it both ways. An unconditional guilty plea waives nonjurisdictional defects and forecloses objections to prior rulings. *E.g., United States v. Adams*, 746 F.3d 734, 739 (7th Cir. 2014) (motion to suppress); *United States v. Adame-Hernandez*, 763 F.3d 818, 828–29 (7th Cir. 2014) (defense of double jeopardy with narrow exception not applicable here). And in an *Anders* submission, counsel should not discuss the voluntariness of a guilty plea or the adequacy of the plea colloquy unless the defendant wants his guilty plea set aside, which Breedlove does not. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Moreover, since an appeal waiver stands or falls with the underlying guilty plea, *United States v. Carson*, 855 F.3d 828, 831 (7th Cir. 2017); *United States v. Haslam*, 833 F.3d 840, 844 (7th Cir. 2016), Breedlove's satisfaction with his guilty plea means that his waiver is enforceable and precludes any appellate claims he might wish to pursue.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal. Given our conclusion that Breedlove's appeal is frivolous, we DENY his request for substitute counsel.