NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 16, 2018
Decided March 23, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-2385

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> ALLEN C. IROEGBULEM, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 15 CR 52-1 <br><br> Thomas M. Durkin, <br> *Judge*. |

**O R D E R**

Allen Iroegbulem was indicted on two counts of sex trafficking a minor, 18 U.S.C. § 1591(a), (b)(2), and one count of sex trafficking a minor by force, fraud, or coercion, *id.* § 1591(a), (b)(1). He pleaded guilty to one charge under § 1591(b)(2) pursuant to an agreement in which the United States promised to dismiss the other two counts. FED. R. CRIM. P. 11(c)(1)(A). The district court sentenced Iroegbulem to 240 months in prison, followed by 5 years of supervised release. Iroegbulem appeals, even though his plea agreement contains a broad waiver of his right to appeal. His appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief explaining the nature of the case and addressing contentions that an appeal likely would involve. Iroegbulem

opposes counsel's motion. *See* 7TH CIR. R. 51(b). Because counsel's analysis appears to be thorough, we limit our review to the points he discusses and Iroegbulem's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first represents that Iroegbulem does not want his guilty plea set aside, and thus counsel appropriately forgoes addressing the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Notwithstanding his guilty plea, Iroegbulem contends that the statute sustaining his conviction is unconstitutional because it was enacted without a quorum of Congress. But this contention is barred by Iroegbulem's appeal waiver in which he "expressly waive[d] his right to appeal [his] conviction." *See United States v. Worthen*, 842 F.3d 552, 556 (7th Cir. 2016) (refusing to consider defendant's argument that his prior conviction was an invalid basis for elongating his sentence because the defendant had waived the right to appeal his sentence). The contention, in any event, is meritless; § 1591 was properly enacted and is binding. *See* Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106–386, 114 Stat. 1464 (including an act "[t]o combat trafficking in persons, especially into the sex trade, slavery, and involuntary servitude" among House bills approved by the President on October 28, 2000).

Counsel next considers whether Iroegbulem could challenge his sentence, but rightly concludes that this argument also would be foreclosed by the appeal waiver. Iroegbulem waived his right to appeal "any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment … within the maximums provided by law." Because the guilty plea stands, so does the waiver. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). A knowing and voluntary waiver of appellate rights will be enforced unless an appeal presents an "exceptional situation," *United States v. Litos*, 847 F.3d 906, 910 (7th Cir. 2017); *United States v. Smith*, 759 F.3d 702, 706 (7th Cir. 2014), e.g., the sentence rests on constitutionally impermissible criteria like race, *United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005), or it exceeds the maximum punishment allowed under the plain terms of a statute, *United States v. Carson*, 855 F.3d 828, 831 (7th Cir. 2017). The district court did not rely on any impermissible factors at sentencing, and Iroegbulem's sentence does not exceed the statutory maximum of life, *see* 18 U.S.C. § 1591(b)(2).

We GRANT counsel's motion to withdraw and DISMISS the appeal.