NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2021
Decided September 3, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-3542

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:19CR00018-001 |
| CRISTIAN GUTIERREZ-ALVAREZ, *Defendant-Appellant.* | James Patrick Hanlon, *Judge.* |

**O R D E R**

Cristian Gutierrez-Alvarez pleaded guilty to conspiring to distribute drugs, 21 U.S.C. §§ 841(a)(1), 846, and possessing a firearm in connection with drug trafficking, 18 U.S.C. § 924(c)(1)(A)(i), and was sentenced to 295 months' imprisonment (235 months for the drug charge and 60 months' consecutive time for the firearm). Although his plea agreement contained a broad appeal waiver, Gutierrez-Alvarez filed a notice of appeal. His appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that an appeal like this would be expected to

involve. Because his analysis appears thorough, and Gutierrez-Alvarez has not responded to counsel's motion, *see* CIR. R. 51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel confirms that Gutierrez-Alvarez wishes to withdraw his guilty plea, but we agree with counsel that any challenge to the voluntariness of his plea would be frivolous. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Because Gutierrez-Alvarez did not move to withdraw his guilty plea in the district court, our review of the plea colloquy would be for plain error. *See United States v. Schaul*, 962 F.3d 917, 921 (7th Cir. 2020). We agree with counsel that no such error is evident. The transcript of the colloquy reflects that the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. The court determined that Gutierrez-Alvarez understood the charges against him, the trial and appeal rights that he was waiving, the maximum penalties for his offense, and the role of the sentencing guidelines. *See* FED. R. CRIM. P. 11(b)(1). The court further ensured that Gutierrez-Alvarez's plea was supported by an adequate factual basis and made voluntarily. *See* FED. R. CRIM. P. 11(b)(2)–(3).

Counsel considers whether Gutierrez-Alvarez could challenge his sentence but rightly concludes that his appeal waiver would foreclose any challenge. In his plea agreement, Gutierrez-Alvarez "expressly waive[d] [his] right to appeal the conviction and sentence imposed in this case on any ground." An appeal waiver stands or falls with the underlying guilty plea. *United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020). Counsel also correctly rejects any argument that an exception to the appeal waiver could apply. *See id*. Gutierrez-Alvarez's 295-month sentence was less than the statutory-maximum life sentence that he faced, and the court did not consider any constitutionally impermissible factors at sentencing.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.