NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2021
Decided October 20, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

Nos. 20-3219 & 20-3311

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | |
| | Nos. 3:17CR00002-001 & 3:13CR00004-001 |
| JAMAR JONES, *Defendant-Appellant.* | Richard L. Young, *Judge.* |

**O R D E R**

Jamar Jones pleaded guilty to conspiring to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), 846, while on supervised release for another drug conviction, *see id*. § 841(a)(1). The district court sentenced Jones to 240 months' imprisonment for the conspiracy conviction (case number 17-cr-02) and a consecutive 24-month sentence upon revocation of Jones's supervised release for the earlier drug conviction (case number 13-cr-04). Jones appeals both judgments. His appointed counsel asserts that all

arguments in both cases would be frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We agree with counsel and therefore grant both motions to withdraw and dismiss the appeals.

Jones does not have an unqualified constitutional right to counsel when appealing a revocation order, *see Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1983), so the *Anders* safeguards need not govern our review. Nonetheless our practice is to follow them. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses potential issues that an appeal like this would be expected to involve. Because counsel's analysis appears thorough, we limit our review to the subjects that she discusses and that Jones raises in his response under Circuit Rule 51(b). *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Jones could challenge the validity of his guilty plea for his conviction in case number 17-cr-02 and appropriately concludes that he could not. The transcript of the colloquy reflects that the district court substantially complied with Federal Rule of Criminal Procedure 11. *See United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003). The court determined that Jones understood the charges against him, the trial and appeal rights that he was waiving, the maximum penalties, and the role of the Sentencing Guidelines. FED. R. CRIM. P. 11(b)(1). The court further ensured that Jones's plea was supported by an adequate factual basis and made voluntarily. *See id.* at 11(b)(2)–(3). Jones, for his part, argued at the sentencing hearing that the prosecutor "forced his hand" by threatening not to withdraw the government's information under 21 U.S.C. § 851 (proposing to increase Jones's statutory minimum sentence from 10 to 15 years) if he did not sign the plea agreement. But, as counsel points out, a prosecutor's offer of leniency in exchange for a guilty plea is not coercive if a defendant—like Jones—is subject to increased punishment based on his prior drug conviction. 21 U.S.C. § 841(b)(1); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *United States v. Spilmon*, 454 F.3d 657, 658–59 (7th Cir. 2006).

Counsel and Jones both consider whether Jones could challenge the denial of his motion to withdraw his plea on grounds of innocence—that he had not participated in a conspiracy to distribute methamphetamine. Jones maintains that all he did was agree to deliver a box of what he believed was marijuana (but what turned out to be methamphetamine). Counsel rightly concludes, however, that this challenge would be frivolous because Jones's denial of guilt contradicted his earlier testimony at the change-of-plea hearing and therefore did not meet the standard of a "fair and just" reason to withdraw his plea. *United States v. Collins*, 796 F.3d 829, 835 (7th Cir. 2015)

(internal citations omitted). In that testimony, Jones admitted under oath that he "was a leader and supervisor of the conspiracy to distribute and possess with the intent to distribute methamphetamine," that he obtained methamphetamine from "sources of supply in Arizona and Georgia" and that he distributed "pound quantities of methamphetamine in the southwestern Indiana area to mid-level distributors." Even though Jones denied knowledge of delivering methamphetamine in one instance, these sworn admissions support the district court's finding that he was not innocent of a conspiracy to distribute methamphetamine.

Counsel next considers whether Jones could challenge his sentence on the conspiracy conviction but rightly concludes that his appeal waiver would foreclose any challenge. In his plea agreement, Jones expressly waived his right to appeal "all provisions of the guilty plea and sentenced imposed, including the length and conditions [of] supervised release." An appeal waiver stands or falls with the underlying guilty plea. *United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020). As discussed above, Jones's plea was valid, so his appeal waiver was also valid. Counsel also correctly rejects any argument that an exception to the waiver could apply. Jones's 240-month sentence was less than the statutory maximum of life imprisonment, 21 U.S.C. § 841(b)(1)(A), and the court did not consider any constitutionally impermissible factors at sentencing.

Counsel also considers challenging the district court's authority to revoke Jones's supervised release (in case number 13-cr-04), which was set to expire several months before the revocation hearing. But counsel properly regards this argument as frivolous because an ongoing term of supervised release is tolled by pretrial detention longer than 30 days that is later credited as time served for a new conviction, and nothing in the record suggests that Jones was not credited for that period of pretrial detention after his March 2017 arrest. *See* 18 U.S.C. § 3585(b); *Mont v. United States*, 139 S. Ct. 1826, 1832–33 (2019).

Counsel also asks whether Jones could challenge the revocation of his supervised release, and correctly concludes that doing so would be frivolous. The court reasonably found that Jones violated his supervised release condition of not committing "another federal, state, or local crime" based on his guilty plea to conspiring to distribute methamphetamine. *See* 18 U.S.C. § 3583(d), (e)(3); *United States v. Flagg*, 481 F.3d 946, 948–49 (7th Cir. 2007) (admission of a supervised release violation satisfied the preponderance-of-the-evidence requirement).

Further, counsel considers whether Jones could challenge the length of his sentence, and rightly concludes that he could not. The court correctly calculated a range of 24 to 30 months' imprisonment under the Guidelines' Chapter Seven policy statements, based on Jones's criminal history category (Category IV), and grade of violation (Grade A). U.S.S.G. § 7B1.4. Jones's 24-month sentence falls within the policy-statement range, so we may presume it to be reasonable. *United States v. Wehrle*, 985 F.3d 549, 557 (7th Cir. 2021). Nothing in the record rebuts that presumption. The court properly addressed the applicable factors under 18 U.S.C. § 3553(a), alluding to the seriousness of Jones's drug offenses and the need to promote respect for the law ("His conduct here in the courtroom today indicates that he has no remorse and does not understand the seriousness of these offenses"), the need to protect the public from Jones's potential repeat offenses ("An additional 24 months will protect the public from further crimes of the defendant"), and the beneficial effect of vocational training and substance-abuse treatment for Jones ("I do believe the defendant is at risk of committing further crimes unless he learns a skill or a trade or vocation and has continued substance-abuse treatment").

Finally, counsel correctly concludes that an argument based on ineffective assistance of counsel would be frivolous. Such claims generally should be reserved for collateral review, at which point the defendant may develop a full record. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.