**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2021
Decided October 28, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-3047

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 18-CR-30014-NJR-01 |
| ROMELLO BLAND, *Defendant-Appellant*. | Nancy J. Rosenstengel, *Chief Judge*. |

**O R D E R**

Romello Bland carjacked three people at gunpoint. He pleaded guilty to each count of a 7-count indictment and was sentenced to 21 years' imprisonment, the minimum sentence because of 3 mandatory consecutive 7-year terms for brandishing a firearm during the carjackings, 18 U.S.C. § 924(c)(1)(A). Although his plea agreement contains a broad appeal waiver, Bland filed a notice of appeal. His appointed counsel asserts that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and raises potential issues that an appeal like this would be expected to involve. Because counsel's

analysis appears thorough, and Bland has not responded to the motion, see CIR. R. 51(b), we limit our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel confirms that Bland wishes to withdraw his guilty plea but concludes that attempting to do so would be frivolous. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). A defendant can withdraw a guilty plea only for fair and just reasons, which include his legal innocence or actual innocence or his entry of an unknowing or involuntary guilty plea. FED. R. CRIM. P. 11(d)(2)(B); *United States v. Barr*, 960 F.3d 906, 917 (7th Cir. 2020). Counsel represents that Bland wants to challenge his guilty plea on each basis. Because he did not move to withdraw his guilty plea in the district court, our review would be for plain error. See *United States v. Schaul*, 962 F.3d 917, 921 (7th Cir. 2020). We agree with counsel that any argument would be frivolous.

First, it would be frivolous to argue that Bland is actually or legally innocent of any charge. At his plea hearing, Bland confirmed that he had read, understood, and signed the stipulation of facts, and he reaffirmed his agreement after hearing it read aloud. The district court explained the elements of each offense, and in pleading guilty, Bland admitted them. *United States v. Paulette*, 858 F.3d 1055, 1059 (7th Cir. 2017). To argue that he is factually or legally innocent now, Bland would have to deny his testimony at the plea hearing; perjury is not a fair and just reason to withdraw a guilty plea. *United States v. Collins*, 796 F.3d 829, 835 (7th Cir. 2015).

Second, counsel properly rejects any argument that Bland's plea was not knowing and voluntary. The transcript of Bland's plea colloquy reflects that the district court complied with Rule 11 of the Federal Rules of Criminal Procedure. The court determined that Bland understood the elements of the charged offenses, the maximum penalties, the trial and appeal rights that he was waiving, and the role of the sentencing guidelines. See FED. R. CRIM. P. 11(b)(1). (Though the court did not advise Bland of the immigration consequences of his plea, FED. R. CRIM. P. 11(b)(1)(O), this did not prejudice Bland because he is a citizen of the United States.) The court also verified that Bland was competent to enter a plea and doing so of his own accord: he was alert, feeling well, and not under the effects of any substance, and no one threatened him or induced, pressured, or forced him to plead guilty. See FED. R. CRIM. P. 11(b)(2)–(3).

Next, counsel considers whether Bland could challenge his sentence but rightly concludes that he waived any argument, unless he received a prison sentence above the range prescribed by the Sentencing Guidelines. Otherwise, Bland "knowingly and

voluntarily waive[d] the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding." An appeal waiver stands or falls with the underlying guilty plea, *United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020), and here, Bland lacks any sound basis for challenging his plea. Further, the appellate waiver is unambiguous, and the district court repeatedly confirmed that Bland knew he was waiving his appellate rights. Counsel also correctly rejects any argument that an exception to the appeal waiver could apply. See *id.* at 507. Bland's sentence of 21 years' imprisonment did not exceed the statutory maximum, and the court did not consider any constitutionally impermissible factors at sentencing.

Finally, counsel considers whether Bland could argue that he received ineffective assistance of counsel from his defense attorneys, noting that Bland would like to argue as much. Although the plea agreement preserves Bland's right to raise the argument, counsel correctly determines that the proper avenue for such a claim would be a § 2255 motion, not a direct appeal. See *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 456–57 (7th Cir. 2020).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.