NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2022
Decided February 4, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2308

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:18CR80-001 |
| CHAD M. FULK, *Defendant-Appellant.* | Holly A. Brady, *Judge.* |

## O R D E R

Chad Fulk was sentenced to 262 months' imprisonment after he pleaded guilty to possessing more than 50 grams of methamphetamine with intent to distribute it. See 21 U.S.C. § 841(a)(1). Although his plea contained a broad appeal waiver, Fulk has nonetheless appealed. His appointed counsel moves to withdraw on the ground that the appeal is frivolous, see *Anders v. California*, 386 U.S. 738 (1967). Fulk opposes counsel's motion. See CIR. R. 51(b). Because the analysis in counsel's brief appears thorough, we limit our review to the issues he identified, plus the issues Fulk raises in

his response. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

In his brief, counsel states that he consulted with Fulk and confirmed that Fulk does not wish to withdraw his guilty plea. Even so, Fulk equivocates in his Rule 51(b) response. He appears to challenge his plea by noting that he "did not tell [his counsel] that [he] knowingly and willingly entered into the plea agreement." He then confirms counsel's representation that he does "not want to lose [his] acceptance of responsibility reduction." Because Fulk may not challenge the voluntariness of his plea without risking his three-point sentence reduction, see U.S.S.G. § 3E1.1(a), counsel reasonably declined to discuss a challenge to Fulk's plea. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). But even if we construe Fulk's 51(b) response as a request to withdraw his plea, we have reviewed the plea colloquy for compliance with Rule 11 of the Federal Rules of Criminal Procedure and see no plain error by the district court. See *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013).

Counsel next considers whether Fulk could attack his sentence but correctly concludes that his appeal waiver precludes any challenge. An appeal waiver stands or falls with the underlying guilty plea. See *United States v. Nulf*, 978 F.3d 504, 508 (7th Cir. 2020). In his plea agreement, Fulk expressly waived his right to appeal his "conviction and all components of [his] sentence or the manner in which [his] conviction or [his] sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel." And counsel rightly rejects any argument that an exception to the appeal waiver could apply. Fulk's 262-month sentence was below the maximum sentence of life, see 18 U.S.C. § 841(b)(1)(A)(viii), and the district court did not rely on any constitutionally impermissible factors. See *United States v. Johnson*, 934 F.3d 716, 719–20 (7th Cir. 2019).

Finally, counsel considers whether Fulk's appeal waiver allows him to raise an ineffective assistance of counsel claim. In his 51(b) response, Fulk asserts that trial counsel failed to object to inaccuracies in his presentence report and mistakenly told him that he faced a lower maximum sentence than was calculated. Although the plea agreement preserves Fulk's right to challenge counsel's performance, claims of ineffective assistance are best raised on collateral review, where a more complete record can be developed. See *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 456–57 (7th Cir. 2020).

We GRANT counsel's motion to withdraw and DISMISS the appeal.