# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2022
Decided February 4, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 20-2729

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:18-cr-00315 |
| ROBERT HUTCHINS, JR., *Defendant-Appellant*. | Tanya Walton Pratt, *Chief Judge*. |

**O R D E R**

Robert Hutchins, Jr., pleaded guilty to several sex crimes and a gun offense. He was sentenced to 40 years' imprisonment and 5 years' supervised release. Although his plea agreement expressly waived his appellate rights, Hutchins filed a notice of appeal. His counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel's brief explains the nature of the case and addresses potential issues that this kind of appeal might involve. Because the analysis in counsel's brief appears thorough, we limit our review to the subjects she discusses and those that Hutchins raises in his response under Circuit Rule 51(b). *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Under the plea agreement, Hutchins was convicted of seven crimes and sentenced to concurrent prison terms, for a total of 480 months: sexual exploitation of a child (two counts, 360 months each), 18 U.S.C. § 2251(a); coercion and enticement (two counts, 480 months each), *id.* § 2422(b); distribution of child pornography (240 months), *id.* § 2252(a)(2); sex trafficking of a minor (480 months), *id.* §§ 1591(a)(1), (b)(2), (c), 1594(a); and possession of a firearm as a felon (120 months), *id.* § 922(g)(1).

The prior felony underlying the § 922(g) count was pointing a firearm at a person, in violation of Indiana law. In 2009, Hutchins was sentenced to two years' imprisonment for that crime, although he was allowed to spend 476 days of his sentence on probation. Indiana later revoked probation and imposed one year in "community corrections."

Here, counsel confirms that Hutchins wishes to withdraw his guilty plea, and she thus considers whether there is a nonfrivolous basis to do so under Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). But we agree with her that any challenge to the plea would be frivolous. Because Hutchins did not move in the district court to withdraw his plea, our review would be limited to plain error. *See United States v. Schaul*, 962 F.3d 917, 921 (7th Cir. 2020). And with one exception, the 2020 colloquy complied with Rule 11. *See* FED. R. CRIM. P. 11(b).

That exception is that neither the district court nor any record document told Hutchins that a conviction under § 922(g)(1) requires proof or a stipulation that, when he possessed the firearm, he *knew* he had been convicted of an offense punishable by more than one year of imprisonment. The need for such proof or stipulation was announced the year before Hutchins's colloquy, in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Counsel's *Anders* brief thus explores whether this omission could invalidate the plea.

But a *Rehaif* mistake that went unchallenged in the district court should not be corrected as plain error unless the defendant establishes a reasonable probability that, but for the error, he would have pleaded not guilty. *See Greer v. United States*, 141 S. Ct. 2090, 2097 (2021). It is not enough to assert, without elaboration, that the defendant would have gone to trial had he known about *Rehaif*. Instead, the defendant must at least represent (or describe evidence suggesting) that when he possessed the firearm, he did not know he had been convicted of a crime punishable by more than one year in prison. *Id.* at 2098.

Here, counsel says she reviewed Indiana's record of Hutchins's prior conviction and found no basis to argue that he did not know it was a felony. And Hutchins's response does not dispute counsel's characterization of the record or otherwise suggest he did not know the sentence announced in state court was for more than one year's imprisonment. He instead responds with what *Greer* says is not enough: a bare assertion that he would have persisted in seeking a trial if he had known about *Rehaif*. Without a reason to think Hutchins might have lacked knowledge of his felon status, there is no nonfrivolous basis to argue that the forfeited *Rehaif* mistake counts as plain error. *See id.*

In a similar vein, Hutchins's Rule 51(b) response questions his indictment for omitting the knowledge-of-felon-status requirement. But a guilty plea waives any claim that the indictment failed to state an offense. *United States v. Dowthard*, 948 F.3d 814, 817 (7th Cir. 2020). And, as discussed, a challenge to this plea would be frivolous.

Finally, counsel considers whether Hutchins could contest his sentence but rightly concludes that his appeal waiver would close that path. The plea agreement expressly waives any right to contest the "sentence imposed in this case on any ground." An appeal waiver stands or falls with the underlying guilty plea: if, as here, the plea cannot be challenged on appeal, then the waiver will be enforced. *United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020). And, counsel adds, no exception to the waiver appears to apply: the 40-year prison term is below the 45-year cap agreed to by the parties; none of the sentences exceeds a statutory maximum; and counsel can identify no argument that the district court considered any constitutionally impermissible factors at sentencing. *See id.*

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.