NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2022
Decided February 7, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1828

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:18-cr-00359 |
| JEFFREY KRAMER, *Defendant-Appellant*. | Richard L. Young, *Judge*. |

**O R D E R**

After he persuaded a 17-year-old girl he met online to provide him with sexually explicit images, Jeffrey Kramer pleaded guilty to sexual exploitation of a minor, 18 U.S.C. § 2251(a), coercion and enticement of a minor, *id.* § 2422(b), and possession of child pornography, *id.* § 2252(a)(4)(B). He was sentenced to 30 years in prison and lifetime supervised release. Although his plea agreement contained a broad appeal waiver, Kramer filed a notice of appeal. His appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this

kind might involve. Because his analysis appears thorough, and Kramer has not responded to counsel's motion, *see* CIR. R. 51(b), we limit our review to the issues counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Kramer did not attempt to withdraw his plea at his sentencing hearing but has informed counsel that he wishes to challenge it on appeal. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Counsel therefore considers whether Kramer has grounds to make such a challenge and addresses, specifically, one apparent error in the plea agreement. The agreement includes a discrepancy over whether Kramer was pleading guilty to Count 2 (which was supported by a still image of a contusion on the victim's buttocks) or Count 3 (which was supported by an image of the victim posing nude in front of a mirror) of the indictment. Kramer agreed to plead guilty to Count 2 (Plea Agreement, at 2), but the plea agreement sets forth a factual basis that identifies the image relating to Count 3. (Id. at 17–18.) The plea agreement also refers to Count 3 rather than Count 2 in listing the elements and penalties, though they are identical for both counts. (Id. at 2–3.)

Counsel appropriately concludes that any challenge to the voluntariness of Kramer's plea would be frivolous. To challenge the plea on this basis, Kramer would bear the burden of showing a reasonable probability that, but for the error, he would not have entered the plea. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). But as counsel explains, Kramer would not be able to meet this burden. Counts 2 and 3 both charged a violation of the same statute, § 2251(a), so Kramer was not misled about the elements or penalties of Count 2. Moreover, at the plea colloquy, the court did not conflate the description of the two counts, and Kramer confirmed that the particular image which in fact supported Count 2 did provide a factual basis for his guilt. Lastly, the court conducted a thorough plea colloquy that substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. *See Konczak*, 683 F.3d at 349.

Counsel next considers whether Kramer could challenge his sentence but correctly concludes that his appeal waiver forecloses any challenge. In his plea agreement, Kramer waived his right to appeal his conviction and any sentence under 40 years' imprisonment. (His sentence was 30 years.) The appeal waiver stands or falls with the underlying guilty plea. *United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020). Further, counsel correctly rejects any argument that an exception to the appeal waiver could apply. Kramer's sentence does not exceed the statutory maximum of life imprisonment, and there is no suggestion in the record that it was based on constitutionally impermissible factors.

Finally, counsel considers and reasonably rejects arguing that Kramer's trial counsel was ineffective. Ineffective-assistance claims are best raised on collateral review, where an evidentiary foundation can be developed. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 456–57 (7th Cir. 2020).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.