NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2022
Decided October 17, 2022

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 22-1299

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States<br>District Court for the Northern District<br>of Indiana, Hammond Division. |
| *v.* | No. 2:20-cr-129-001 |
| TROY KIDWELL,<br>*Defendant-Appellant.* | Philip P. Simon,<br>*Judge.* |

**O R D E R**

Troy Kidwell pleaded guilty to attempted enticement of a minor, 18 U.S.C. § 2422(b), receipt of child pornography, *id*. § 2252(a)(2), (b), possession of child pornography, *id*. § 2252(a)(4)(B), (b)(2), and distribution of child pornography, *id*. § 2252(a)(2), (b). In accordance with his plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), he was sentenced to 25 years in prison followed by 15 years of supervised release. The court also imposed financial penalties and ordered Kidwell to

pay special assessments, as well as restitution to his minor victims. Although his plea agreement contained a broad appeal waiver, Kidwell filed a notice of appeal. Kidwell's appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We agree with counsel and therefore grant his motion to withdraw and dismiss the appeal.

Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind might involve. Because the analysis appears thorough, we limit our review to the subjects that counsel discusses and those that Kidwell raises in response. *See* CIR. R. 51(b); *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first addresses whether Kidwell could challenge his guilty plea. Counsel does not say whether Kidwell wishes to challenge the validity of the plea, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002), but Kidwell's response makes it clear that he does. Because Kidwell did not move to withdraw his plea in the district court, we would review challenges to its validity only for plain error. *See United States v. Schaul*, 962 F.3d 917, 921 (7th Cir. 2020). And such a challenge would be frivolous. The record shows that the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). The court confirmed that Kidwell read and understood his plea agreement, which explained the trial and broad appeal rights he was forsaking, the maximum penalties for the offenses, and the role of the Sentencing Guidelines. *See* FED. R. CRIM. P. 11(b)(1). The court did not apprise Kidwell of his right to a jury trial, but that oversight would not constitute plain error because the written plea agreement acknowledged Kidwell's understanding that he was waiving his right to a jury trial. *See Davenport*, 719 F.3d at 618. Further, Kidwell admitted to the offense conduct in the plea agreement and the change-of-plea hearing, so the omission does not render Kidwell's conviction unjust. *Id.*

In his Circuit Rule 51(b) response, Kidwell raises two related arguments. First, he challenges the voluntariness of his plea, asserting that he did not understand the plea agreement when he signed it because he has a learning disability. But Kidwell swore at the change-of-plea hearing that he did fully understand the plea agreement, and there is no mention of his learning disability in the record. And a defendant has "no chance of success on appeal" if his arguments contradict his sworn statements during the plea hearing. *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999).

Second, Kidwell asserts that his guilty plea was not supported by an adequate factual basis. He argues, for instance, that he did not know about the illegal images on his phone and that one of his minor victims had lied about her age. But this argument runs into the same problem as his first: Kidwell swore in the plea agreement and at his hearing that the facts presented by the prosecution were true. Any argument contradicting his statements under oath would also be frivolous. *See id.*

Next, counsel considers whether Kidwell could appeal his sentence and correctly concludes that any such challenge would be precluded by his broad appeal waiver. Kidwell waived the right to appeal "all components of [his] sentence or the manner in which … [it] was determined or imposed." An appeal waiver "stands or falls" with the underlying guilty plea, *United States v. Nulf*, 978 F.3d 504, 506 (7th Cir. 2020), and Kidwell lacks any sound basis for challenging his plea. Counsel also appropriately rejects any argument that an exception to the appeal waiver could apply: Kidwell's 25-year sentence did not exceed the statutory maximum, and the court did not consider any constitutionally impermissible factors at sentencing. *See id*. at 507.

Counsel then addresses whether Kidwell could challenge the court-ordered restitution and special assessments and correctly determines that such a challenge would be frivolous. The special assessments were required by statute, 18 U.S.C. § 3013, and the restitution amount was jointly stipulated to by the government and Kidwell.

Finally, Kidwell asserts that trial counsel rendered ineffective assistance by inadequately explaining the plea agreement to him and failing to assert all available defenses. But such claims of ineffective assistance are best raised on collateral review, where a complete record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 456–57 (7th Cir. 2020).

We GRANT counsel's motion to withdraw and DISMISS the appeal.